**Mary M. LISI, Chief Disciplinary Counsel**

v.

**John BIAFORE, Jr.**

**No. 92–540–M.P.**

Supreme Court of Rhode Island.

Oct. 30, 1992.

Mary M. Lisi, Chief Disciplinary Counsel, Providence, for plaintiff.

OPINION

PER CURIAM.

This disciplinary matter came before us on September 17, 1992, pursuant to an order directing the respondent-attorney, John Biafore, Jr., to appear and show cause why he should not be disciplined.

The respondent has been the subject of a number of disciplinary complaints dating back to July 1984. Although some of the complaints filed against respondent have been dismissed, he has received varying degrees of disciplinary action, including admonitions, private censures, and suspension. The last was issued by this court on June 20, 1991, having been ordered for an indefinite period.

The present matter arises from representations made by clients on three separate occasions. The first client retained respondent in December 1989 in connection with a divorce from her estranged husband. During the initial consultation, respondent

learned that the parties had not been in contact with each other in over eleven years and thereafter suggested that the divorce action would "not be a problem" and would take only three to five weeks. The client paid respondent $675 for his prospective services. Three weeks later, the client tried to contact respondent by telephone from her sister's residence in Florida. She finally spoke with respondent himself in April 1990 and was told that a court date was scheduled for June 14, 1990. The respondent later notified the client that the June court date had been canceled whereas in fact no court hearing had been scheduled at all for that date.

While still in Florida, the client again attempted to contact respondent to determine the date of the court hearing. After a series of unanswered calls, she was informed by respondent in April 1991 that the court date was set for May 3, 1991. However, prior to making her travel arrangements, the client checked with the court clerk to verify the court date and discovered that again no court hearing had been scheduled. Furthermore, the court clerk informed the client that she was no longer eligible for a divorce in this state because respondent had failed to file the proper papers with the court and the client had been living outside Rhode Island for over six months.

The client filed a complaint with the Disciplinary Board of the Supreme Court of Rhode Island (the board) on May 20, 1991, regarding the conduct of respondent. A copy of the complaint was forwarded to respondent on or about May 21, 1991, yet no response was received within twenty days as requested. Consequently a second notice was received by respondent's office on June 12, 1991, which requested his response to the complaint within ten days. The complaint has never been answered.

In accordance with Rule 42–6(b) of the Supreme Court Rules, the disciplinary counsel instituted formal proceedings be-fore the board by filing a petition for disciplinary action on September 6, 1991. That petition alleged that the conduct of respondent was in violation of four Rules of Professional Conduct, including Rule 1.3, Rule 3.2, Rule 8.1(b), and Rule 8.4(c), as adopted and promulgated as Rule 47 of our rules, on the basis of the facts as represented by the first client. A copy of the petition was sent to respondent by certified mail, return receipt requested, on September 6, 1991.

The facts of the second case are very similar to those in the aforementioned situation. In April 1990 another client paid respondent $220 in advance to represent her in a divorce action. The respondent informed the client at that time that her divorce would be final by August 1990. It was not until December of that year that respondent advised his client that a court hearing was scheduled for January 15, 1991. Upon investigation, the client learned that no hearing was scheduled for that date, that no complaint had yet been filed, and that no service upon her husband had been made.

The client filed a complaint with the board on or about February 14, 1991, asserting her dissatisfaction with respondent's untimely and incomplete work. A copy of this complaint was sent to respondent on February 19, 1991, along with a request to respond within twenty days. Because no response had been received, the disciplinary counsel sent a second notice to respondent on March 12, 1991, reminding him to file an answer within ten days. The respondent answered the complaint on March 29, 1991,[1] and offered to refund the fees to the client since she thereafter decided to bring her divorce action in Connecticut. The disciplinary counsel later requested a status report from respondent regarding this refund, but none was filed nor was the retainer refunded, whereupon the disciplinary counsel filed a petition for disciplinary action on September 5, 1991, alleging

---

1. As indicated by the return receipt attached to the March 12, 1991 letter, the second notice sent by the disciplinary counsel was not delivered to respondent until March 19, 1991. We note here that it is conceivable that respondent under-stood his time within which he must respond to have commenced at the time he actually received the notice, thereby rendering his answer timely.

respondent violated Rule 1.3, Rule 3.2, and Rule 8.4(c) of the Rules of Professional Conduct. A copy of the petition was sent to respondent by certified mail, return receipt requested, that same day.

The respondent's lack of interest in his cases is evidenced again by a complaint filed by yet two other clients. In March 1988, these clients paid respondent $400 to represent them in their efforts to adopt an infant born in New York. The clients returned to this state with the child and believed respondent was working to complete the adoption proceedings. The respondent, however, never filed the necessary petition to adopt in the Rhode Island Family Court.

Over one year later, the clients retained the services of another attorney to take over where respondent had left off. Both the clients and the new attorney wrote to respondent authorizing and directing him to release his files concerning these clients to this new attorney. The respondent failed to respond to the requests to release the file. Ultimately the second attorney completed the adoption proceedings on behalf of the clients.

On February 21, 1991, the clients filed a complaint against respondent, maintaining that respondent had failed to communicate with them. Again a copy of this complaint was sent to respondent on February 22, 1991, accompanied by a request to respond within twenty days. When respondent failed to reply, the disciplinary counsel sent a notice to respondent extending him ten more days within which to reply and respondent's answer eventually was filed on April 2, 1991. In response to respondent's answer, the clients filed with the disciplinary counsel two pages of typewritten comments offering specific reasons for their discontent with respondent. On September 5, 1991, the disciplinary counsel filed a petition for disciplinary action and alleged that respondent had violated Disciplinary Rules 6–101(A)(3) and 7–101(A)(2), and Rule 1.16(d) of the Rules of Professional Conduct. A copy of the petition was sent to respondent by certified mail, return receipt requested, on September 5, 1991.

Rule 42–6(b) of our rules allows a respondent thirty days within which he or she shall file an answer to a petition for disciplinary action. That rule also provides that the charges shall be deemed admitted if that respondent fails to file an answer. By October 11, 1991, respondent's time to respond had elapsed for each of the three petitions filed. A hearing was thereafter scheduled to be held on December 17, 1991, before a three-member panel of the board, and notice of such was sent to respondent by certified mail, return receipt requested, on October 11, 1991. The respondent failed to appear at the December hearing, no attorney appeared on his behalf, and no attorney entered an appearance relative to these proceedings.

Recognizing that all the facts were to be deemed admitted, the board found that respondent was guilty of all the violations charged in each petition. The board also noted that respondent was suspended from practicing law at the time of this determination. In light of respondent's prior record of violations and his conduct in the present matters, the board recommended disbarment.

This court has no alternative but to find that cause has not been shown and disbarment is warranted. On September 17, 1992, the respondent was afforded the opportunity to explain to this court why we should depart from the board's recommendations. Once again, neither the respondent nor anyone else appeared at this hearing on his behalf. The respondent has demonstrated continually an outright disregard of this court and its rules, particularly the Rules of Professional Conduct as adopted and promulgated as Rule 47. His lack of recognizable interest in his own defense leads us to believe that he is unfit to represent anyone within this state's boundaries. In keeping with our responsibility to protect the public from incompetent attorneys, we adopt the board's recommendation for the respondent's disbarment.

Accordingly the respondent is hereby disbarred from the practice of law in Rhode Island, effective on the date of this opinion. The respondent is ordered to comply

promptly and fully with Rule 42–15 of the Supreme Court Rules.